**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

   - against -

COMPREHENSIVE BENEFITS
CONSULTANTS,

       Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 04-3076 (LDW) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

  By letter dated April 18, 2005, defendant Comprehensive Benefits Consultants ("CBC") moves to compel non-party Craig Addeo to respond to its subpoena *duces tecum*. Docket Entry ("DE") 53. CBC served the subpoena at issue on Mr. Addeo on April 5, 2005. DE 53 Ex. B (certificate of service). It required him to produce certain documents at the office of CBC's counsel by April 11, 2005. *Id*. Ex. A (subpoena). That deadline has elapsed, reportedly without either compliance or any attempt by Mr. Addeo to quash the subpoena. *Id*. at 2.[1]

  A subpoena is an order of the court, and its issuance creates an obligation to comply that is entitled to no more or less respect than the order CBC now seeks. *See* Fed. R. Civ. P. 45(a). Accordingly, the relief requested in the instant motion would have no independent effect, and I decline to issue such a meaningless order. The motion is therefore DENIED as moot.

  CBC remains free to seek further appropriate relief. Should it seek to reissue the subpoena, it may of course do so, consistent with its obligation, and its attorney's, to "take

---

[1] Although Mr. Addeo filed no motion to quash, the instant motion is not the first time the instant subpoena has been the subject of litigation. The EEOC, on behalf of Mr. Addeo's wife, who is in turn a claimant in this case, previously moved to quash the same subpoena. DE 38. I denied that motion for lack of standing on March 30, 2005. *See* DE 47 at 1, 4.

reasonable steps to avoid imposing undue burden or expense on a person subject to th[e] subpoena." Fed. R. Civ. P. 45(c)(1). Mr. Addeo will then either comply in timely fashion, make a timely motion to quash, or be subject to appropriate sanctions for contempt – unless he can demonstrate that the subpoena was issued in violation of the duty to take reasonable steps to avoid imposing undue burden or expense, in which case CBC may itself be subject to appropriate sanction. *See id*. ("The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee."); *see also In re Rezulin Prod. Liab. Litig.*, 2003 WL 21285537, * 1 (S.D.N.Y. June 4, 2003). Under the current circumstances, however, there is no request for relief before me that I can appropriately grant.

Counsel for CBC is directed to serve a copy of this order on Mr. Addeo and to file a certificate attesting to such service.

**SO ORDERED.**

Dated: Central Islip, New York
April 20, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge