**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,                   **MEMORANDUM AND ORDER**

                - against -                           CV 04-3076 (LDW) (JO)

COMPREHENSIVE BENEFITS
CONSULTANTS,

                              Defendant.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Before me are two motions seeking protective orders. First, by letter dated May 11, 2005, plaintiff Equal Employment Opportunity Commission ("EEOC" or the "Commission") asks that I prohibit or limit the deposition of one of its attorneys, Robert Rose, by defendant Comprehensive Benefits Consultants ("CBC"). Docket Entry ("DE") 58. Second, subpoenaed witness Craig Addeo has written a letter dated May 13, 2005, asking that I quash a subpoena *duces tecum* directing him to provide a variety of documents relating to his business and to his wife, claimant Jean Marie Addeo. DE 59. In separate letters dated May 17, 2005, CBC responded to both applications. DE 60 (responding to EEOC's motion for protective order), DE 61 (responding to Mr. Addeo's motion to quash). For the reasons set forth below, I now grant in part and deny in part each application. Specifically, I will permit CBC to take the deposition of attorney Rose, but only as to a very limited subject and only in writing, and I will require Mr. Addeo to produce only those documents reflecting money or property given to Mrs. Addeo by Mr. Addeo's business (and not by him in his individual capacity) since December 2002.

I. <u>Deposition Of EEOC Attorney Rose</u>

CBC seeks to depose its adversary's attorney on the ground that his testimony might be relevant to the credibility of Laura Hart, might lead to a finding of spoliation by that witness, and might reflect poorly on the EEOC's work in this case. In particular, CBC relies on Ms. Hart's testimony to the effect that she once possessed a tape of Michael Russo making inappropriate statements, but that she lost track of (and interest in) the tape after being told by Mr. Rose that the tape would be inadmissible. In other testimony cited by the EEOC but not addressed by CBC, Ms. Hart also stated that she was given the same opinion by CBC's current counsel.

To the extent that the contents of Ms. Hart's communications with Mr. Rose about the existence of and admissibility of the tape may have been privileged, the privilege was hers to waive and she did so by revealing her recollection of the communication. CBC may therefore inquire of Mr. Rose on that subject. I will limit the scope of the deposition to that subject only, because nothing in CBC's letter suggests that any other line of questioning appears reasonably likely to lead to the discovery of admissible evidence. In particular, to the extent that CBC might wish to interrogate Mr. Rose regarding the sufficiency of the Commission's investigation in this case, its basis for seeking to do so appears to be entirely speculative, and such questioning would likely intrude on a separate privilege that is not Ms. Hart's – or any individual's – to waive. *See In re Grand Jury Investigation*, 399 F.3d 527 (2d Cir. 2005).

I will also impose another limit on the deposition. To avoid needless waste of time and additional litigation, particularly in light of the Commission's representation that Mr. Rose does not recall the matters as to which I have permitted inquiry as well as the parties' tendency to multiply discovery-related litigation, I will exercise my authority to allow the limited deposition

to proceed only in writing. *See* Fed. R. Civ. P. 26(c)(3), 31. Specifically, CBC may, but need not, take the deposition of Mr. Rose upon written questions limited to the issue of whether Ms. Hart disclosed the existence of the tape at issue to Mr. Rose, and whether Mr. Rose opined that the tape was inadmissible or in any way advised Ms. Hart as to the tape's disposition.

The fact that Ms. Hart claimed to have received the same opinion from CBC's current counsel raises a separate issue; namely, whether CBC's defense strategy has necessarily made a fact witness of its current counsel. The issue may not require resolution if CBC determines that it will not seek the limited deposition of Mr. Rose that I will permit, and if it further determines that it will not challenge Ms. Hart's explanation of the disappearance of the tape (either because she does not testify to the tape's existence or because CBC does not contest the veracity of her account on that score). Accordingly, I will require CBC to advise me within one week as to whether it will take Mr. Rose's deposition pursuant to the preceding protective order, and also as to whether it will seek to challenge in any way the veracity of Ms. Hart's testimony that Mr. Sokoloff opined that the tape was inadmissible, and I will likewise require the Commission to report as to whether it will seek to offer evidence about the tape at the trial of this case. At the next conference, I will expect counsel to be prepared to discuss the impact of their reports on the ability of CBC's attorney to continue as counsel in this case.

II. <u>Documents Subpoenaed From Craig Addeo</u>

This is not the first time the subpoena directed to Mr. Addeo has been before me. I previously denied the Commission's motion to quash the same subpoena for lack of standing, DE 47, and then later denied as moot an application by CBC that I issue an order to compel production of the subpoenaed items. DE 55. In the latter denial, I noted that CBC remained free

to persist in its efforts to secure documents from Mr. Addeo "consistent with its obligation, and its attorney's, to 'take reasonable steps to avoid imposing undue burden or expense on a person subject to th[e] subpoena.'" DE 55 at 1-2 (quoting Fed. R. Civ. P. 45(c)(1)). As I noted at that time, issuing a subpoena in violation of the duty to take reasonable steps to avoid imposing undue burden or expense can expose the issuing party to an appropriate sanction. *Id.* (quoting Fed. R. Civ. P. 45(c)(1) ("The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.") and *In re Rezulin Prod. Liab. Litig.*, 2003 WL 21285537, * 1 (S.D.N.Y. June 4, 2003)).

The reminder appears to have fallen on deaf ears. The subpoena seeks all records reflecting (1) the identities of all customers who placed orders with Mr. Addeo's business or with Mrs. Addeo since May 2002, (2) all income generated by such orders, (3) all money or property given to Mrs. Addeo by Mr. Addeo's business or by Mr. Addeo personally, and (4) all payments by Mr. Addeo personally of any of Mrs. Addeo's debts.

These requests are needlessly overbroad and burdensome, and obviously so. To the extent there may be a relevant issue lurking here – namely, the mitigation of damages – it is amply addressed by requiring the production of records showing employment income to Mrs. Addeo from Mr. Addeo's business. The remainder is not reasonably likely to lead to the discovery of admissible evidence, particularly in the context of a marital relationship. That a husband provides money to his wife or pays her debts says nothing about damages unless he does so as compensation for employment, and the orders placed to the business and the identities of the customers does not reveal what that compensation was. Further, to the extent CBC's counsel

suggests that the documents he seeks may be useful in supporting the proposition that a claimant's husband might be biased in favor of his wife and against the defendants she claims sexually harassed her, the imagined benefit is easily outweighed by the undue burden of forcing a husband to account for every penny he provides to or on behalf of his wife.

III. Conclusion

For the reasons set forth above, EEOC's application for a protective order is GRANTED IN PART AND DENIED IN PART, in that CBC may take the deposition of attorney Rose, but only as to a very limited subject and only in writing. I further ORDER that CBC shall report by May 25, 2005, as to whether it will either take Mr. Rose's deposition pursuant to the preceding protective order or seek to challenge in any way the veracity of Ms. Hart's testimony that Mr. Sokoloff opined that the tape was inadmissible, and also ORDER that the Commission shall report by the same date as to whether it will seek to offer evidence about the tape at the trial of this case.

Further, for the reasons set forth above, Craig Addeo's motion to quash the subpoena *duces tecum* issued by CBC is GRANTED IN PART AND DENIED IN PART, in that Mr. Addeo must produce only those documents reflecting money or property given to Mrs. Addeo by Mr. Addeo's business (and not by him in his individual capacity); the subpoena is quashed as to all other items. Counsel for CBC is directed to serve a copy of this order on Mr. Addeo.

**SO ORDERED.**

Dated: Central Islip, New York　　　　　　　　　　　　/s/ James Orenstein
　　　　May 18, 2005　　　　　　　　　　　　　　　　JAMES ORENSTEIN
　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge