UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

    -against-

COMPREHENSIVE BENEFITS
CONSULTANTS, INC.,

        Defendant.
------------------------------------------------x

Civil Action No. 04 CV 3076
(LDW) (AKT)

## CONSENT DECREE

The parties to this Consent Decree are the Equal Employment Opportunity Commission (hereinafter "the EEOC"); and Comprehensive Benefits Consultants (hereinafter "Defendant"). For purposes of this Decree, Defendant is defined as any and all entities doing business at 1800 Walt Whitman Road, Melville, New York under the control of Louis Russo.

The EEOC brought this action on July 21, 2004, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981A. The EEOC alleges that Jean Marie Addeo, Laura Hart and a class of similarly situated female employees were sexually harassed by Defendant, that Defendant retaliated against Ms. Hart when she informed it about the harassment, and that as a result of Defendant's discrimination, the conditions of employment were made so intolerable that Ms. Addeo was forced to resign. The EEOC further alleges that Defendant retaliated against Ms. Addeo and Ms. Hart for complaining about the harassment by filing defamation lawsuits against

them in New York State Supreme Court, Suffolk County State Court, on November 16, 2004, Docket Numbers 04-248966 and 04-248965 (hereinafter "defamation lawsuits").

The parties desire to settle this action, and therefore stipulate and consent to the entry of this Decree as final and binding between the parties and their successors or assigns. Defendant denies plaintiff's allegations of sexual harassment and retaliation.

The Decree resolves all matters related to Civil Action No. 04-CV-3076, now pending in the United States District Court for the Eastern District of New York. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all parties to this Decree and approved or ordered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1. This Decree resolves all allegations raised in EEOC Charge Numbers 160-A3-01152, 160-2004-00091 and 160-2004-01897 and all allegations that were raised in the complaint filed by the EEOC. This Decree does not resolve any charge of discrimination currently pending before the EEOC or any charge that may be filed in the future.

2. The parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the parties to this action, that venue is proper, and that all

administrative prerequisites have been met. No party shall contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

3. The parties desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the parties and their successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which it may consolidate. Defendant shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which it may consolidate.

## MONETARY RELIEF

4. Within 10 days after the entry of this Decree, Defendant will pay to Jean Marie Addeo, Laura Hart, Michelle Martone and Francine Angelone a total of $150,000 which reflects back pay, compensatory damages and attorneys' fees. The total amount will be distributed as set forth in Exhibit A, annexed hereto and filed under seal.

## INJUNCTIVE RELIEF

5. **Withdrawal of Defamation Lawsuits with Prejudice**

Within three days of the entry of this Decree, Michael Russo will dismiss with prejudice the defamation lawsuits against Jean Marie Addeo, New York State Supreme Court, Suffolk County Index No. 04-24895 and Laura Hart, New York State Supreme Court, Suffolk County Index No. 24896. Within five days of entry of the order dismissing the defamation lawsuits, Defendants will furnish a copy of the order to Monique J. Roberts, Trial Attorney, EEOC New York District Office, 33 Whitehall Street, 5th Floor, New York, NY 10004-2112.

6. **Non-Discrimination**

   a. Defendant and its agents are enjoined from discriminating against any individual because of her or his sex in violation of Title VII.

   b. Defendant and its agents are enjoined from retaliating against any individual for asserting rights under Title VII, including but not limited to filing a charge, providing assistance or evidence or testifying in the investigation or litigation of this or any other charge of discrimination, or for asserting her or his rights under Title VII.

7. **Policies and Procedures**

   a. Within 10 days of the entry of this Decree, Defendant agrees to adopt the Anti-Discrimination Policy attached hereto as Exhibit B.

   b. Within 20 days of entry of this Decree, Defendant will appoint Nicholas Giarusso to be its official Human Resources Officer ("HRO"). The HRO shall also be responsible for compliance with all provisions in this Decree. Defendant will provide information about the HRO to all employees through the letter attached as Exhibit C.

   c. The HRO shall also receive, investigate and resolve all complaints of discrimination, including, but not limited to, harassment based on sex and retaliation. All complaints to the HRO are to be confidential.

   d. The HRO is to retain reports and documents of all investigations conducted and any findings and/or resolutions thereto. The complainant will receive a brief summary of said findings and/or resolutions as will the EEOC.

4

e. Should the HRO leave his position for any reason during the duration of this Decree, Defendant shall replace him within 60 days, and shall obtain the EEOC's approval before appointing a successor.

8. **Training**

Within three months of the entry of this Decree, Defendant agrees to provide the following training to all its employees:

a. Defendant will provide two hours of anti-discrimination training, including sexual harassment and retaliation, for all non-management employees in its offices.

b. Defendant will provide three hours of anti-discrimination training, including sexual harassment and retaliation, for all its managers and supervisors.

c. Defendant will provide two hours of sensitivity training regarding gender in the workplace for senior managers.

d. Defendant will thereafter provide one hour of anti-discrimination and sensitivity training for all employees, including managerial staff, every 12 months, for the duration of this Decree. This training shall reiterate, explain and answer questions about Defendant's policy prohibiting harassment and discrimination.

e. The above-referenced training sessions shall be conducted by a provider approved by the EEOC.

f. Attendance sheets or records containing, but not limited to, the dates of attendance, name of attendees, identity of instructor, and agendas for the training shall be maintained at the location where each employee's personnel file is kept.

5

9. **Monitoring**

a. Defendant agrees to provide the EEOC with a list of all complaints of sex discrimination, including harassment, harassment and/or retaliation, either formal or informal, including a summary of the steps taken during the investigation, the results of the investigation, and any disciplinary action taken. Defendant shall provide this summary every 12 months after the date of entry of this Decree.

b. Defendant agrees to forward to the EEOC any and all attendance sheets or records containing, but not limited to, the dates of attendance, name of attendees, identity of instructor, and agendas for the training. Defendant shall provide this information every 12 months after the date of entry of this Decree.

c. The EEOC may monitor Defendant's compliance with this Decree through the unannounced inspection of Defendant's premises, records and interviews with employees at reasonable times. Defendant shall make available for inspection and copying any records reasonably related to any of these areas, upon notice by the EEOC.

10. **Postings**

a. Within ten days after entry of this Decree, Defendant shall conspicuously post and maintain in its offices in all places where employee notices are posted, a copy of the Notice of Lawsuit and Settlement, in the form and with the content specified in Exhibit D hereto.

b. Defendant shall also display the EEOC poster, as required by federal law, outlining all applicable EEO-laws at all offices.

6

11. This Decree constitutes the complete understanding between the EEOC and Defendant. No other promises or agreements shall be binding unless agreed to in writing and signed by these parties.

12. This Decree will remain in effect for three years from the date of entry.

SO ORDERED, ADJUDGED AND DECREED this 20th day of December, 2006.

_____
U.S. District Court Judge
Central Islip, NY

APPROVED IN FORM AND CONTENT:

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
Elizabeth Grossman
Regional Attorney
Equal Employment
Opportunity Commission
33 Whitehall Street, 5th floor
New York, NY 10004

Monique J. Roberts
Trial Attorney
Equal Employment Opportunity Commission
33 Whitehall Street, 5th floor
New York, NY 10004
(212) 336-3704

FOR DEFENDANT COMPREHENSIVE
BENEFITS CONSULTANTS, INC.

_____
Brian S. Sokoloff, Esq.
Miranda Sokoloff Sambursky Slone
Verveniotis LLP
240 Mineola Blvd.
Mineola, New York 11501

_____
Louis Russo, Owner and CEO
Comprehensive Benefits Consultants

_____
Michael Russo, Individually and as
President of Comprehensive Benefits
Consultants, Inc.

# EXHIBIT B

Comprehensive Benefits Consultants Corporation Equal Employment Opportunity and Anti-harassment Policy

It is the policy of Comprehensive Benefits Corporation to promote a productive work environment and not to tolerate verbal or physical conduct by any manager, supervisor, or employee that harasses, disrupts, or interferes with another's work performance or that creates an intimidating, offensive, or hostile environment.

Managers, supervisors, and employees are expected to maintain a productive work environment that is free from harassing or disruptive activity. No form of harassment will be tolerated, including harassment because of the person's race, color, national origin, religion, disability, pregnancy, age, military status, or sex. Special attention should be paid to the prohibition of sexual harassment and harassment on the basis of other protected categories which are listed above.

Each supervisor and manager has a responsibility to keep the workplace free from any form of harassment, and in particular, sexual harassment. No supervisor or manager is to threaten or insinuate, either explicitly or implicitly, that an employee's refusal or willingness to submit to sexual advances will affect the employee's terms and conditions of employment.

Other sexually harassing or offensive conduct in the workplace, whether committed by supervisors, managers, non-supervisory employees, or non-employees, is also prohibited. This conduct includes:

(a) Unwanted physical contact or contact of any kind, including sexual flirtations, touching, advances, or propositions;

(b) Verbal abuse of a sexual nature;

(c)     Demeaning, insulting, intimidating, or sexually suggestive comments about an individual's dress or body;

(d)     The display in the workplace of demeaning, insulting, intimidating, or sexually suggestive objects or pictures, including nude photographs.

(e)     Demeaning, insulting, intimidating, or sexually suggestive written, recorded, or electronically transmitted messages.

(f)     Jokes, remarks, comments, or conversations of a sexual nature that are sexually offensive and that contribute to the creation of a sexually hostile environment.

Any of the above conduct, or other offensive conduct, directed at individuals because of their race, national origin, religion, disability, pregnancy, age, color, sex, or military status is also prohibited.

Any employee who believes that a supervisor's, manager's, other employee's, or non-employee's actions or words constitute unwelcome harassment has a responsibility to report or complain about the situation as soon as possible. The report or complaint should be made to the employee's supervisor, to the department head or the person in charge of Human Resources if the complaint involves the supervisor or manager.

Employees should use the attached form to report any complaints of violation of this Policy.

All complaints of harassment are to be investigated promptly and in as impartial and confidential a manner as possible. The complainant will be interviewed in private. The interview of complainant will be kept confidential and all findings are to be kept confidential and filed in the personnel file of complainant. Employees are required to cooperate in any investigation. A timely investigation of each complaint should be conducted and the results

2

of the investigation shall be communicated to the parties involved. Retaliation against any employee for filing a complaint or participating in an investigation is strictly prohibited.

Complaints under this policy shall be addressed and resolved as promptly as practicable after the complaint is made.

Bearing in mind the Company's intolerance for illegal sexual and other harassment, the Human Resources Officer should endeavor to determine the most appropriate means for addressing the complaint. Options include: (1) investigating the complaint, as set forth below; (2) with the agreement of the parties, attempting to resolve the complaint through a form of alternative dispute resolution (e.g., mediation), or (3) determining that the facts of the complaint, even if true, would not constitute a violation of this policy. If the Human Resources Officer determines that the complaint does not constitute a violation of the company's policy, he or she must write the reason(s) for this determination. This document must be maintained in the personnel file of the complainant (along with the complaint) and in the investigative files housed in the office of the Human Resources Officer. The Human Resources Officer may designate another individual (either from within the Company or from outside the Company) to conduct or assist with the investigation or to manage an alternative dispute resolution process. Outside investigators shall have training, qualifications and experience as will, in the judgment of the Human Resources Officer, facilitate the investigation. Anyone designated to address an allegation must adhere to the requirements of this Policy and confer with the Human Resources Officer about his or her progress.

All complaints shall be made as promptly as feasible after the occurrence.

The investigator must promptly and thoroughly investigate all complaints of harassment and/or discrimination. It is the initial responsibility of the investigator to insure that the complaint is reduced to writing. The investigation should begin with a private and confidential interview with complainant as soon as possible. At the time this interview is scheduled, the complainant should be notified to produce any physical evidence, such as letters, notes, photos, or tapes at that session, if such physical evidence exists. If the complainant produces no physical evidence, the investigator is not to assume solely from the absence of physical evidence that the complainant is not being truthful or that no harassment has occurred and the investigation should proceed as outlined herein.

The person accused of the harassment should be notified promptly after the complaint is reduced to writing. The accused party and any witnesses mentioned by either party should be interviewed separately and in private. The investigator should request the accused party to respond in writing to each specific allegation.

At the conclusion of an investigation, the investigator shall in writing: summarize the allegation, describe the basis for the investigator's conclusions, and set forth any recommended actions. The investigator should document the scope of the investigation even if the result is inconclusive.

The investigator shall furnish his report to the appropriate individual(s) in Company management.

Any employee, supervisor, or manager who is found to have violated the harassment policy will be subject to appropriate disciplinary action, up to and including termination. The Company prohibits any form of retaliation against employees for bringing complaints or providing information about harassment or discrimination.

4

# EXHIBIT C

## MEMO TO ALL STAFF

Nicholas Giarrusso has been appointed Human Resources Officer of CBC. He shall be responsible for the receipt and investigation of all complaints of employment discrimination and sexual harassment.

# EXHIBIT D



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE TO ALL EMPLOYEES

This Notice is posted as part of a settlement entered into by Consent Decree between the U.S. Equal Employment Opportunity Commission (EEOC) and Comprehensive Benefits Consultants, Inc., (CBC) in the case *EEOC v. Comprehensive Benefits Consultants, Inc.,* filed in the U.S. District Court for the Eastern District of New York, Civil Action No. 04-3076. EEOC brought a lawsuit against CBC alleging that CBC violated Title VII of the Civil Rights Act of 1964, as amended, in that it created and maintained a sexually offensive and hostile work environment for its female employees.

Federal law prohibits discrimination against an employee or an applicant for employment based on the religion, sex, race, color, national origin or disability status of the employee or applicant. Federal law also prohibits retaliation against people who have complained of or opposed discrimination. Sexual harassment is a form of sex discrimination and can include sexually offensive jokes, comments and remarks which are unwelcome. Sexual harassment can also include unwanted physical contact.

In addition to requiring that CBC post this Notice, the Consent Decree enjoins CBC from engaging in any unlawful employment discrimination or retaliation against any person who exercises his or her rights under federal anti-discrimination laws; requires that CBC provide training on federal laws prohibiting employment discrimination to all current and future employees, management and staff; permits EEOC to monitor compliance with the Consent Decree and provide periodic reports to EEOC regarding any discrimination complaints made by employees; and requires CBC to appoint a Human Resources Officer who shall be responsible for investigating complaints of discrimination.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may contact:

> U.S. Equal Employment Opportunity Commission
> 33 Whitehall Street
> New York, New York 10004-2112
> Phone: 800-699-4000
> TTY (for persons with hearing impairments): 800-669-6820

*THIS IS AN OFFICIAL NOTICE AND MUST NOT BE CHANGED*
*IT MUST REMAIN POSTED UNTIL December 13, 2009*